CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
SEP 2 8 2010
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| WILLIAM A. JACKSON,<br>    Plaintiff, | ) Civil Action No. 7:10-cv-00392<br>)<br>) |
| v. | ) **MEMORANDUM OPINION**<br>) |
| FEDERAL BUREAU OF PRISONS,<br>    et al.,<br>    Defendants. | )<br>) By: Hon. Jackson L. Kiser<br>) Senior United States District Judge |

Plaintiff filed a motion requesting a preliminary injunction against the Federal Bureau of Prisons ("FBOP") and its agents at the United States Penitentiary in Lee County, Virginia ("USP Lee"). Petitioner requests a restraining order to prevent USP Lee staff from refraining "from any and all unlawful, unwarranted adverse reactions to [his] 100% legal/lawful right to seek remedy via the FBOP grievance process, and to file a civil action lawsuit when [his] remedy request was denied and the remedy responses were not satisfactory." (Mot. (no. 3) 1.) Plaintiff is concerned that USP Lee staff may file "frivolous" incident reports against him, place him in the special housing unit, or transfer him.

A preliminary injunction is an "extraordinary and drastic remedy." Munaf v. Geren, 553 U.S. 674, 689-90 (2008). A movant must establish four elements before a preliminary injunction may issue: 1) he is likely to succeed on the merits; 2) he is likely to suffer irreparable harm in the absence of preliminary relief; 3) the balance of equities tips in his favor; and 4) an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 374 (2008). Plaintiff is not allowed to demonstrate only a "possibility" of irreparable harm because that standard is "inconsistent with [the] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such

relief." Id. at 375-76.

Plaintiff fails to establish that he is likely to suffer irreparable harm without the preliminary injunction. Primarily, petitioner fails to establish the defendants' intent or ability to cause him harm. Petitioner merely speculates about an unknown possibility of prison sanctions, which also do not seemingly implicate due process rights, and that an unknown prison official may file charges against him. Plaintiff also fails to establish how an order based on speculative and unsubstantiated fears furthers the public's interest when that interest is served by maintaining discipline via incident reports. Although plaintiff fears a transfer, prisoners do not have any right to be housed in a particular facility. See, e.g., Meachum v. Fano, 427 U.S. 215 (1976). Furthermore, involving a federal court in the day-to-day administration of a prison is a course the judiciary generally disapproves of taking. See, e.g., Bell v. Wolfish, 441 U.S. 520, 540 n.23, 548 n.29 (1979) (explaining that maintaining security and order and operating institution in manageable fashion are "considerations . . . peculiarly within the province and professional expertise of corrections officials"). Based on the allegations in the complaint and the present status of the case, plaintiff fails to establish that he is likely to succeed on the merits or that the balance of equities tips in his favor. The defendants have not yet responded to the complaint, and ordering unecessary restrictive regulations against the defendants would unduly burden them. Accordingly, plaintiff fails to establish the elements for a preliminary injunction, and I deny his request.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to plaintiff.

ENTER: This 28th day of September, 2010.

/s/ Jackson L. Kiser
Senior United States District Judge

2