CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
SEP 30 2010
JULIA C. DUDLEY, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WILLIAM A. JACKSON, <br> Plaintiff, | Civil Action No. 7:10-cv-00392 |
| v. | MEMORANDUM OPINION |
| FEDERAL BUREAU OF PRISONS, et al., <br> Defendants. | By: Hon. Jackson L. Kiser <br> Senior United States District Judge |

Plaintiff William A. Jackson, a federal prisoner proceeding pro se, filed a civil rights complaint, pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), with jurisdiction vested in 28 U.S.C. § 1331. Plaintiff names as defendants the Federal Bureau of Prisons ("BOP"); Curtis Mabe, a case manager; and nine other BOP agents. This matter is before me for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, I dismiss the complaint without prejudice for failing to state a claim upon which relief may be granted.

I.

Plaintiff alleges the following facts in his verified complaint. Defendant Mabe placed "false and illegal documents in [his] Federal Government files. Mr. Mabe has committed numerous acts of inappropriate staff misconduct and therefore is liable for each following claim . . . ." (Compl. 2.) Plaintiff merely lists twenty-two charges against defendant Mabe. Plaintiff similarly lists various charges against the other defendants. Plaintiff requests $8 million and that all defendants be fired and criminally charged.

II.

I must dismiss any action or claim filed by an inmate if I determine that the action or

claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, the plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

However, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950 (May 18, 2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir.

2

1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

To state a claim under Bivens, a plaintiff must allege that a defendant is a federal agent who acted under the color of authority and engaged in unconstitutional conduct. However, plaintiff's claims are merely a list of legal terms that do not describe any unconstitutional conduct. Furthermore, plaintiff merely alleges that Mabe placed "illegal" and "false" information in his file, but he does not describe what that information is or how it is illegal or false. Most importantly, plaintiff wholly fails to connect that information to any unconstitutional deprivation or how anyone or anything relied on it. Plaintiff is advised that he does not have a constitutional right to be placed in a specific security classification. See Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976). Also, custodial classifications generally do not create a major disruption in a prisoner's environment. See Sandin v. Conner, 515 U.S. 472, 486-87 (1995). Accordingly, plaintiff presently fails to state a claim upon which relief may be granted, and I dismiss his complaint without prejudice.

III.

For the foregoing reasons, I dismiss the complaint without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 30th day of September, 2010.

Senior United States District Judge